# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 11-1764** (Ohio County 11-F-58)

**Sean Marenkovic,**
**Defendant Below, Petitioner**

**FILED**

April 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Sean Marenkovic, by counsel, Richard H. Lorensen, appeals his conviction of two counts of third degree sexual assault. The State by counsel, Shawn R. Turak, filed a response to which petitioner replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 19, 2010, then twenty-two-year-old N.Y.[1] reported for jury duty in Ohio County. During *voir dire* for an unrelated murder case, N.Y. stated that she did not like police officers because she had been statutorily raped by a police officer in 2003 when she was just fourteen years old. An investigation ensued which revealed the following: In 2003, N.Y. and petitioner, then a Deputy Sheriff in Ohio County, met online. Petitioner was then about twenty-five years old. The two began chatting and learned that they lived near one another. Soon thereafter, N.Y. showed up at petitioner's apartment. Both N.Y. and petitioner agreed that petitioner invited N.Y. into his apartment and that N.Y. put her hand on petitioner's thigh. However, N.Y. told the investigating officer that she and petitioner engaged in sexual intercourse and that she performed oral sex on petitioner. Conversely, petitioner told the investigating officer that he had rejected N.Y.'s advances and asked her to leave his apartment.

Petitioner was indicted on two counts of third degree sexual assault in the May of 2011 term of court for the 2003 assaults.

---

[1] In keeping with the Court's policy of protecting the identity of minors and victims of sexual crimes, N.Y. will be referred to by her initials.

1

In preparation for trial, the State provided discovery materials to the defense that addressed whether N.Y. had been a virgin when she was assaulted by petitioner. The first document was N.Y.'s mother's written statement to the police, in which she recalled an eighteen-year-old N.Y. telling her about the assault. N.Y.'s mother stated that she believed the discussion arose in the context of N.Y. telling her about the first time N.Y. had had sexual relations. The second document was a print-out of an online conversation between N.Y. and petitioner when N.Y. was twenty-two years old. (The officer investigating N.Y.'s assault asked N.Y. to contact petitioner as a means of furthering the investigation.) During the online conversation, N.Y. said that she could not remember why she and petitioner had stopped talking. Petitioner responded: "It probably wouldn't have looked right if we were seen hanging out together." N.Y. replied that her sexual encounter with petitioner had been "kind of her first time." Petitioner did not respond to this last statement.

The State filed a pre-trial motion in limine to preclude evidence at trial regarding N.Y.'s past sexual conduct pursuant to the Rape Shield Law, West Virginia Code § 61-8B-11(b). At issue was N.Y.'s journal in which she wrote about a sexual relationship she had prior to the assault by petitioner. The circuit court granted the State's motion in limine without objection by the defense.

Petitioner filed a pre-trial motion seeking dismissal based on preindictment delay. The circuit court denied the motion on the ground that petitioner had failed to prove pre-indictment delay, or, in the alternative, had failed to introduce substantial evidence of actual prejudice caused by any preindictment delay.

At trial, petitioner testified that he did not have sexual relations with N.Y. Petitioner also testified that when he met N.Y. online, she told him that she was sixteen years old, and, therefore, he believed she was old enough to legally consent to sexual relations.

N.Y. testified at trial about her online chats with petitioner, who had identified himself online as "Matt Taylor" or "cutewvcop":

THE STATE: Okay. And did the person using the screen name cutewvcop ever tell you his or her name?

N.Y.: He told me his name was Matt Taylor.

THE STATE: Was that via the Internet?

N.Y.: Yes.

THE STATE: What kinds of things would you and the person identified as cutewvcop or Matt Taylor talk about on the computer.

2

N.Y.: Like where we lived, you know, what we did. I mean, there's some sexual conversation too, and I told him how old I was and just – we figured out we did not live too far from each other.

THE STATE: You said you told him how old you were.

N.Y.: Yes.

THE STATE: What did you specifically tell cutewvcop, also known to you as Matt Taylor; how old you were?

N.Y.: I was fourteen.

THE STATE: Was this before or after you met?

N.Y.: Before.

THE STATE: Met person to person?

N.Y.: Before.

THE STATE: And that was really how old you were?

N.Y.: Yes.

THE STATE: Did you ever lie about your age?

N.Y.: No.

THE STATE: Did you ever try to make yourself seem older?

N.Y.: No.

Petitioner sought to impeach N.Y.'s testimony that she had never lied about her age with evidence that N.Y. misrepresented her age on a medical website in 2004, approximately a year after the assault. The circuit court sustained the State's objection to the evidence on the ground that the evidence was not impeachment evidence and not relevant.

The jury convicted petitioner on August 25, 2011, of both counts of third degree sexual assault. By order entered November 10, 2011, the circuit court sentenced petitioner to not less than one nor more than five years in prison on each count. The sentences were to run consecutively.

On appeal, petitioner first argues that, at trial, the circuit court erred in refusing to allow the defense to admit into evidence N.Y.'s journal entry regarding her sexual

relationship prior to the assault by petitioner. Petitioner argues that pursuant to West Virginia Code § 61-8B-11(b), the State "opened the door" to evidence regarding N.Y.'s prior sexual conduct when N.Y.'s mother, a State witness, testified that N.Y. had sex at the age of fourteen; N.Y. stated that the person she had sex with was a twenty-five-year-old "cop"; and that she (N.Y.'s mother) did not know that N.Y. was dating "anybody" when N.Y. was fourteen. Petitioner argues that this testimony falsely and prejudicially implicated petitioner as the person who deflowered N.Y. Therefore, petitioner argues that the circuit court should have allowed petitioner to use N.Y.'s journal entry to impeach N.Y.'s mother's testimony.

We have previously held that "'[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 2, *State v. Payne*, 225 W.Va. 602, 694 S.E.2d 935 (2010).

The Rape Shield Law, West Virginia Code § 61-8B-11(b), provides that

[i]n any prosecution under this article evidence of specific instances of the victim's sexual conduct with persons other than the defendant, opinion evidence of the victim's sexual conduct and reputation evidence of the victim's sexual conduct shall not be admissible: Provided, That such evidence shall be admissible solely for the purpose of impeaching credibility, if the victim first makes his or her previous sexual conduct an issue in the trial by introducing evidence with respect thereto.

Our review of the record on appeal reveals that the State did not raise N.Y.'s prior sexual conduct at trial through the testimony of N.Y.'s mother or through any other witness or evidence. N.Y. did not testify at trial that she was a virgin when petitioner assaulted her. Further, although the jury saw a copy of N.Y.'s online conversation with petitioner—in which N.Y. stated that her sexual encounter with petitioner was "kind of her first time"—the copy was redacted so that the jury did not see N.Y.'s "kind of her first time" comment. Thus, the circuit court did not abuse its discretion in precluding petitioner from entering evidence at trial regarding N.Y.'s prior sexual conduct.

Petitioner next argues that the circuit court erred in prohibiting the defense from impeaching N.Y.'s testimony that she had never lied about her age where one of his defenses at trial was that N.Y. had told him she was sixteen. Petitioner highlights two of N.Y.'s answers regarding her age:

THE STATE: Did you ever lie about your age?

N.Y.: No.

THE STATE: Did you ever try to make yourself seem older?

N.Y.: No.

4

Petitioner contends that a reasonable juror could have taken this testimony to mean that N.Y. had never lied about her age to *anyone*. Petitioner sought to impeach N.Y.'s testimony with the evidence that she had falsely stated her age as twenty-two on a medical website in December of 2004 when she was actually just sixteen years old. Petitioner argues that the veracity of N.Y.'s statements about her age was a critical and relevant issue at trial. Thus, petitioner argues that the circuit court erred when it excluded the evidence on the ground that N.Y. had not lied about her age *to petitioner*, and therefore found that the medical website was neither impeachment evidence nor relevant. Petitioner further asserts that the circuit court's ruling was improperly based on the State's misrepresentation at a sidebar in which it said: "[The State] asked her did she ever lie about her age *to the defendant*. That was the question." Petitioner counters that the record clearly shows that the State asked only: "Did you ever lie about your age?"

> "'The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion. Syl. pt. 5, *Casto v. Martin*, 230 S.E.2d 722 (W.Va.1976) citing Syl. pt. 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955).' Syllabus Point 2, *State v. Rector*, W.Va., 280 S.E.2d 597 (1981)." Syl. pt. 3, *State v. Oldaker*, W.Va., 304 S.E.2d 843 (1983).

Syl. Pt. 6, *State v. Kopa*, 173 W.Va. 43, 311 S.E.2d 412 (1983).

In his argument on appeal, petitioner cites to only two of the State's ten relevant questions regarding what N.Y. said to petitioner about her age. However, the circuit court, which heard the entire exchange between the State and N.Y., determined that N.Y's "No" answer to the question "Did you ever lie about your age?" meant "No," she had not lied *to petitioner* about her age. We have recognized as follows: "The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Based on this record, we cannot say that the circuit court abused its discretion in denying petitioner's request to admit the 2004 medical website evidence at trial.

Petitioner's third and final argument is that the circuit court erred in denying petitioner's motion to dismiss for preindictment delay where the assault allegedly occurred in 2003, but petitioner was not indicted until 2011. Petitioner cites to Syllabus Point 4, *State ex rel. Knotts v. Facemire*, 223 W.Va. 594, 678 S.E.2d 847 (2009), for the applicable law:

> To demonstrate that preindictment delay violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution and Article III, Section 10 of the West Virginia Constitution, a defendant must introduce substantial evidence of actual prejudice which proves he was meaningfully impaired in his ability to defend against the state's charges to such an

5

extent that the disposition of the criminal proceeding was or will be likely affected.

In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit courts underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n.*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Petitioner claims that, in accord with *Knotts*, he was prejudiced by preindictment delay because it resulted in the loss of petitioner's ability to retrieve copies of N.Y. and petitioner's 2003 online chats. Petitioner avers that *if* copies of those written discussions had been available at trial, they *may* have revealed, among other things, what N.Y. said to petitioner about her age. Petitioner avers that the loss of this evidence meaningfully impaired his ability to defend against the State's charges to such an extent that the disposition of the criminal proceeding was likely affected.

In his brief on appeal, petitioner admits that copies of N.Y. and petitioner's chats *might* have been available if the 2003 assaults had been reported sooner than 2010. Petitioner also states that if the chats had been available, they *may* have revealed dispositive evidence. Such hypothetical evidence is not substantial proof of actual prejudice as required by *Knotts*. Therefore, we cannot say that the circuit court erred in denying petitioner's motion to dismiss on the ground that petitioner failed to prove delay, or, in the alternative, failed to introduce substantial evidence of actual prejudice from such delay.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum

No. 11-1764 – *State of West Virginia v. Sean Marenkovic*

Ketchum Justice, dissenting:

I dissent. The defendant was entitled to present evidence that his accuser had lied about her age on the internet. This is relevant because the defendant met her on the internet and testified, at trial, that she lied to him about her age.